Order Form (01/2005)

| United States District Court, Northern District of Illinois | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 05 C 6478 | DATE | 5/28/2013 |
| CASE TITLE | Donald Malen, et al. vs. MTD Products, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Rule 59 Motion for New Trial [276] is denied.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Following an accident involving their Yardbug lawnmower, Plaintiffs Donald Malen ("Donald") and Sharon Malen ("Sharon") (collectively, "Plaintiffs") sued Defendants MTD Products, Inc. ("MTD"), the manufacturer, and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "Defendants"), the seller, for defective design and construction of the mower. The trial was bifurcated and the matter proceeded to jury trial on the issue of liability on January 15, 2013. On January 24, 2013, the jury returned a verdict in favor of Defendants and against Plaintiffs. Before the Court is Plaintiffs' Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. For the following reasons, the motion is denied.

When considering a motion for new trial, "federal law requires a district court to determine 'whether the verdict is against the weight of the evidence . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the [moving party].'" Kapelanski v. Johnson, 390 F.3d 525, 530 (7th Cir. 2004) (quoting EEOC v. Century Broad. Corp., 957 F.2d 1446, 1460 (7th Cir. 1992)). The moving party bears a heavy burden. "A verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." Moore v. Tuleja, 546 F.3d 423, 427 (7th Cir. 2008). The evidence is viewed "in the light most favorable to the prevailing party, and leaving issues of credibility and weight of evidence to the jury." Kapelanski, 390 F.3d at 530 (citing Carter v. Moore, 165 F.3d 1071, 1079 (7th Cir. 1998)). "Jury verdicts deserve particular deference in cases with 'simple issues but highly disputed facts.'" Moore, 546 F.3d at 427 (quoting Latino v. Kaizer, 58 F.3d 310, 314 (7th Cir. 1995)).

Plaintiffs ask the Court to vacate the judgment, alleging that the trial was unfair for multiple reasons.

First, Plaintiffs argue that the jury was prejudiced when the Court admitted a partial medical record of Donald into evidence. Because the trial was bifurcated, evidence of damages was excluded from the jury trial on liability. However, the portion of the medical record titled "History of Present Illness" was admitted over objection as a statement of a party. The statement contained an account of the accident, allegedly from Donald, that his physician dictated into the medical record. Plaintiffs argued against its admissibility, stating that it was unreliable because in his deposition, the doctor could not recall who gave him the account of the accident, and also because Donald had been administered pain medication at the time the statement was made. The Court ruled that it was nevertheless admissible as a statement of a party, and that, ultimately, it was a matter of weight that the jury would give to the statement in light of Plaintiffs' arguments of unreliability.

Plaintiffs now argue that they were prejudiced because they were unable to contest the reliability of the statement while "Defendants were allowed to argue that the single paragraph medical record was a specific, detailed account of the accident given by Plaintiff Donald Malen." Pls.' Rule 59 Mot. for New Trial 2. However, contrary to Plaintiffs' argument, Donald did testify that he did not make the statement. While Plaintiffs may have wished to pursue the matter further, they were barred from asking further questions regarding the statement as a sanction after repeated outbursts from Sharon about the statement during trial. In any event, the jury heard expert testimony providing the same account of the accident from which its verdict on liability could have derived. Accordingly, the Court rejects Plaintiffs' argument that the admission of this statement prejudiced them or the jury.

Second, Plaintiffs argue that the Court erred in allowing Defendants to argue that "Donald Malen caused his accident by failing to follow label warnings and instructions to turn off the Yardbug key before leaving the operator's seat." Id. 2-3. Plaintiffs allege that this issue was decided previously on appeal when the court stated that, because Plaintiffs no longer alleged a failure to warn claim, "the warning label on the mower had no bearing on the plaintiffs' remaining claims." Malen v. MTD Prods., Inc., 628 F.3d 296, 310 (7th Cir. 2010). Plaintiffs misstate the appellate court's ruling. It specifically stated that the evidence would be relevant "to apportioning comparative fault." Id. at 312. At trial, Defendants were allowed to present evidence of proximate cause as well as evidence of comparative fault to the jury. Ultimately, the jury found that Donald was 90% at fault. In any case, the jury further found that there was no design or manufacture defect, and therefore the issue of Donald's negligence in failing to following warning labels would not change the outcome. Therefore, the Court rejects this argument.

Third, Plaintiffs argue that, even though they did not assert a breach of warranty claim, the Court unfairly excluded a list of warranty claims from MTD involving the same model mower. Evidence of MTD's design change, however, was deemed admissible. Plaintiffs argue that the warranty reports, particularly those involving the operator presence control, were "important to both the design defect and manufacturing defect case against Defendant MTD." Pls.' Rule 59 Mot. for New Trial 4. Defendants contend that the records constituted hearsay and double hearsay because independent dealers diagnose and fix problems and MTD merely processes the paperwork. Further, Defendants argue that Plaintiffs failed to establish that the evidence of the list of warranty claims was relevant. Indeed, Plaintiffs failed to establish that the individual warranty claims within the list were the same or similar to the accident in the instant case, and therefore failed to meet their burden for admissibility. See Bastian v. TPI Corp., 663 F. Supp. 474, 477 (N.D. Ill. 1987) ("Evidence of prior occurrences[,] . . . to be relevant, must come from 'substantially similar' incidents involving the same dangerous condition." (quoting Ballweg v. City of Springfield, 499 N.E.2d 1373 (Ill. 1986)). Accordingly, the list of warranty claims was properly excluded.

Fourth, Plaintiffs argue that they were unfairly prejudiced by the exclusion of the portion of the tag on the mower at Home Depot which read "Full Manufacturer's Warranty." Plaintiffs admit that they did not raise a warranty claim, but argue that the evidence was relevant to their decision to buy the mower. Donald testified, however, that his decision to buy the mower was based on the price and the performance following his test drive, not based on the undefined warranty. In addition, Plaintiffs failed to make an offer of proof that the words "Full Manufacturer's Warranty" caused them to purchase the mower. Because Plaintiffs did not allege a warranty claim or show that the words were relevant to their purchase of the mower, the evidence was properly excluded.

Lastly, Plaintiffs raise seven different objections to certain instructions and special interrogatories given to the jury. Plaintiffs also allege that the Court did not provide an adequate opportunity for them to object to the instructions and interrogatories on the record before they were delivered to the jury. The Court rejects this argument. It was Plaintiffs' own delay and neglect in failing to timely file a Final Pretrial Order ("FPO"), which resulted in their objections and proposed jury instructions being stricken along with the rest of their untimely submission.

On March 22, 2012, the Court ordered that the FPO was due by October 31, 2013. On October 24, 2012, Plaintiffs filed for, and were granted, and extension of time to file the FPO by November 6, 2012. On November 6, 2012, Defendants filed their proposed FPO, while Plaintiffs once against sought an extension of time. Plaintiffs were granted an extension to file until November 19, 2012, but no submission was made. Subsequently, Defendants filed a Supplemental FPO on November 21, 2012. Less than two weeks before trial, on January 3, 2013, Plaintiffs filed their proposed FPO and jury instructions. Due to the late submission, Defendants moved to strike Plaintiffs' proposed order and requested sanctions. The Court found that sanctions were not warranted, but agreed that Plaintiffs' untimely and contentious FPO should be stricken—including Plaintiffs' objections to Defendants' proposed jury instructions. In doing so, the Court adopted Defendants' FPO and jury instructions.

Plaintiffs made no other objections to the jury instructions on the record. It is well established that "[f]ailure to challenge a jury instruction in a civil case results in a waiver and precludes appellate review." Chestnut v. Hall, 284 F.3d 816, 819 (7th Cir. 2002). Therefore, Plaintiffs' objections here to the jury instructions and interrogatories are waived. See Gen. Auto Serv. Station v. City of Chi., 526 F.3d 991, 1006 (7th Cir. 2008) ("Arguments that could have been made earlier but are instead raised for the first time in a Rule 59 motion are waived.").

For the foregoing reasons, Plaintiffs' motion for new trial is denied.

IT IS SO ORDERED.